MR. JUSTICE WEBER,
dissenting:
While I concur in the result reached by the majority opinion, I respectfully dissent from a portion of the legal conclusions upon which it is based.
The majority refers to decisions of this Court which estab *437 lished the rule that mere non-use of water does not constitute abandonment, and that proof of intent to abandon the water right is a necessary element in proving abandonment. That rule has been stated and restated a number of times in the cases cited in the majority opinion. In Shammel v. Vogl (1964), 144 Mont. 354, 396 P.2d 103, Chief Justice Harrison pointed out that the testimony presented by the defendants in substance showed that the ditch in question was not carrying water from 1914 to 1956. He pointed out there was other evidence presented of water in the ditch. In affirming the holding of the District Court that the ditch had not been abandoned, the Court stated:
“The loss of a water right or a ditch right by abandonment is a serious occurrence in Montana and other semi-arid western states. The early case of Thomas v. Ball, 66 Mont. 161, 213 P. 597, stated in this connection: ‘The authorities are all of one accord in holding that the party claiming abandonment has the burden of proving his contention by a preponderance of the evidence, and that to establish abandonment the evidence to that effect should be clear and definite.’ 66 Mont. 161, at 168, 213 P. 597, at 600. We find no error in the court’s finding that the Weidman ditch right had not been abandoned. Mere nonuser is not sufficient to establish abandonment, and the testimony presented by the defendants relates exlusively to establishing periods of nonuser. No evidence of intent to abandon is presented. ’’(Emphasis supplied.) 144 Mont. at 362, 396 P.2d at 107.
Shammel follows many preceding cases and, in particular, the leading cases of St. Onge v. Blakely (1926), 76 Mont. 1, 245 P. 532, and Thomas v. Ball (1923), 66 Mont. 161, 213 P. 597. Shammel has not been modified or overruled by this Court.
As pointed out in the majority opinion, in Holmstrom Land Co. v. Meagher County Newlan Creek (1979), Mont., 605 P.2d 1060, 1069, 36 St.Rep. 1403, 1413, this Court stated:
*438 . . Seventy five years of non-use is sufficient to provide ‘clear evidence’ of abandonment.”
Taking the evidence in a light most favorable to Thorson, we concluded that all but 80 miner’s inches were lost through abandonment.
The majority opinion here takes a significant step in holding that not only is a long period of non-use strong evidence of intent to abandon, but that continous non-use raises the rebuttable presumption of an intention to abandon and shifts the burden of proof to the non-user to explain the reasons for non-use. As authority for that conclusion the majority then refers to Colorado decisions.
Unfortunately, the majority in this case as well as the majority in Holmstrom did not analyze Shammel and the numerous earlier cases. Prior to Holmstrom the clear rule under the decisions of this Court was that a party claiming abandonment had the burden of proving his contention by a preponderance of the evidence. Mere non-user was not sufficient to establish abandonment. While Holmstrom may be explained as merely restating a previous rule that non-use is evidence of abandonment, though not conclusive, the present majority opinion proceeds well beyond that point. As stated by the majority, a long period of continuous non-use raises the rebuttable presumption of an intention to abandon and shifts the burden of proof to the non-user. While the majority expressly did not overrule Shammel, that is the effect of the opinion. Long established rights to the use of water deserve more accurate analysis and treatment. As stated in Shammel, the loss of a water right by abandonment is a serious occurrence in Montana.
I am particularly concerned as to the effect of the majority opinion on the adjudication of water rights under Chapter 2 of Title 85, MCA. Neither the majority here nor the Holmstrom opinion demonstrates a reason for such a significant change in the long-standing rule on abandonment of water rights.